# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION
### No. 4:25-CV-112-FL-BM

TIMOTHY E. SUGGS,             )
                              )
         Plaintiff,         )
                              )         **ORDER and**
     v.                      )    **MEMORANDUM AND**
                              )    **RECOMMENDATION**
PRINCE COURT LLC.,         )
                              )
        Defendant.       )

This *pro se* case is before the court on the motion by plaintiff Timothy E. Suggs, ("plaintiff") to proceed *in forma pauperis* [DE-2] pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] The motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The court finds that plaintiff has demonstrated appropriate evidence of his inability to pay the required court costs, and the motion to proceed *in forma pauperis* [DE-2] will be ALLOWED. Additionally, based on the court's frivolity review and for the reasons stated below, the undersigned RECOMMENDS that the state law claims in plaintiff's amended complaint [DE-7] be DISMISSED WITHOUT PREJUDICE and that the federal law claims in plaintiff's amended complaint [DE-7] be DISMISSED WITH PREJUDICE.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339

---

[1] The undersigned notes that plaintiff's motion for summary judgment [DE-5] is also before the court. As the undersigned recommends dismissal of plaintiff's amended complaint [DE-7] for the reasons provided herein, the undersigned would further recommend that plaintiff's motion for summary judgment [DE-5] be DENIED AS MOOT.

(1948) (internal quotation marks omitted). Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. Accordingly, plaintiff's motion to proceed *in forma pauperis* [DE-2] is therefore ALLOWED.

<u>**MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW**</u>

**I. BACKGROUND**

On June 13, 2025, plaintiff, proceeding pro se, filed a complaint [DE-1] with multiple attachments ostensibly filed in support of the complaint, including various state court documents and email correspondence (*see* [DE-1-1] to [DE-1-6]). On July 25, 2025, plaintiff filed an amended complaint, consisting of an amended complaint form [DE-7] with thirty-seven attachments [DE-7-1] to [DE-7-37] (collectively, the "amended complaint"). As plaintiff appears to have intended for the amended complaint [DE-7] to supersede his original complaint [DE-1], the undersigned considers the amended complaint [DE-7] with the attachments [DE-7-1] to [DE-7-37] to be the operative complaint for purposes of this case and the instant frivolity review.

**A.      Plaintiff's allegations**

Plaintiff lists three defendants in his amended complaint: (1) Prince Court LLC; (2) Letecia Cortez ("Ms. Cortez"), in her individual capacity; and (3) Jose Cortez ("Mr. Cortez"), in his individual capacity. [DE-7] at 2-3. Plaintiff provides the following factual basis in support of his claims:

> On or about September 1st – July 2025 . . . I was coerced to modify damages to my home and was told I would be evicted in 30 days notice; unless I fix and modify the rental property ADA by Letecia Cortez the land-lord; invasion of privacy in a commence [sic] to negligently and intentionally breach the contract; pretending to act in full capacity for Prince Court LLC knowingly under oath.

*Id.* at 4.

Plaintiff provides similar factual summaries in other portions of his filings. *See* [DE-7-3] at 2-3 ("Leticia Cortez, construed a plan to evict the plaintiff willfully, intentionally, and vexatious [sic], upon immunities to the plaintiff for his liberty and freedom in the Edgecombe [C]ounty District Court Civil Procedure to discover FHA, violations, discrimination, coercion, and or breach of the contract by Prince Court LLC Management of North Carolina."); [DE-7-36] (similar allegations). The gravamen of plaintiff's allegations appears to be that defendants, plaintiff's landlords, demanded that plaintiff fix certain damage to his rented residence and threatened him with eviction should he fail to do so. *See id.* Plaintiff argues that defendants' conduct (i) invaded his privacy in violation of HIPAA, (ii) negligently breached the contract between plaintiff and defendants, (iii) defamed his character, and (iv) subjected him to cruel and unusual punishment, which caused plaintiff to experience "a depressive state, loss of sleep, emotional distress, & pain and suffering." [DE-7-3] at 2.

Plaintiff's exhibits include a notice dated June 23, 2025, from Nash Edgecombe Wilson Community Action, Inc., advising plaintiff that they were terminating his housing assistance payments due to "fail[ure] to fulfill family obligations." [DE-7-8]. The notice further represents that an eviction was filed against plaintiff on June 13, 2025, and "[i]tem 10 of HAP Contract states if the summary ejectment filed [sic] participants will lose their assistance." *Id.* Finally, the notice provides that plaintiff had the opportunity to appeal the decision documented in the notice within 10 days and "must request an informal hearing with a written request." *Id.*

Plaintiff's exhibits also include two judgments in actions for summary ejectment filed by Prince Court LLC against plaintiff. *See* [DE-7-9]; [DE-7-23]. The first Edgecombe County judgment, dated June 4, 2025, finds in favor of Prince Court LLC, and orders that plaintiff be removed from the premises. [DE-7-9]. The undersigned takes judicial notice of the Edgecombe

3

County docket in that case, and notes that plaintiff appears to have appealed the June 4, 2025 eviction judgment.[2]  *See Prince Court LLC vs Timothy E Suggs, Jr.*, No. 25CV002381-320 (complaint filed on May 22, 2025) (index #6).  The second Edgecombe County judgment in an action for summary ejectment, dated June 30, 2025, finds in favor of plaintiff, finding that Prince Court LLC failed to prove its case by the preponderance of the evidence.  *See* [DE-7-23] at 1.

Plaintiff includes as an exhibit a July 1, 2025 "Non-Renewal Lease Letter," in which Ms. Cortez informed plaintiff that his lease would not be renewed for another lease term.  *See* [DE-7-34] at 1-2.  Plaintiff's exhibits additionally include a "notice to pay rent or quik [sic]," dated July 7, 2025, from Ms. Cortez advising plaintiff that he was in breach of his lease agreement due to his failure to pay rent, and must, within 10 days after service of the notice, pay $461 in full or "surrender possession of the premises to the landlord."  [DE-7-35].  The letter further advised plaintiff that failure to pay the total charges in full would result in legal proceedings being initiated against him to recover possession and rent and damages.  *Id.*

## B.     Jurisdiction and Legal Claims

Plaintiff alleges that this court's jurisdiction over his claims arises under 42 U.S.C. § 1983, as well as the 5th, 8th, 11th, and 14th Amendments.  [DE-7] at 3.  Plaintiff also cites myriad other federal and state statutes, under which he is ostensibly bringing claims, *i.e.*, (i) federal claims under 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 2000A-1; 42 U.S.C. § 2000A-2; Title VI Civil Rights Act of 1964; 29 U.S.C. § 794; 18 U.S.C. § 242; and (ii) state law claims under N.C.G.S. §§

---

[2] The Fourth Circuit and this court have repeatedly found that a court may take judicial notice of public state court records.  *See, e.g., Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) ("A district court may clearly take judicial notice of these public [state court] records."); *Progressive N. Ins. Co. v. Y.E.*, No. 20-2191, 2022 WL 670871, at *2 n.1 (4th Cir. Mar. 7, 2022) (taking judicial notice of the state-court docket sheet, defendant's state-court complaint, and plaintiff's answer); *U.S. ex rel. Martin Marietta Materials, Inc. v. DTC Engineers & Constructors, LLC*, No. 5:11-CV-111-F, 2012 WL 2311491, at *2 (E.D.N.C. June 18, 2012) (taking judicial notice of materials that were part of the public record from a previously filed state court suit).

4

41A; 41A-4(e); 41A-5; 41A-7; 2000d-7;[3] 1-17 (a); 14-209; 14-277.3A; 14-168; 168-1; 1-42; 1-75.11; 1-77(2); 1-83(2); 1-87; 1-87.18; 1-87.19; 1-116; 1-237; 1-253; 1-254; 1-258; 1-259; 1-260; 1-264; 1-266; 1-278; and 1-298.  [DE-7-2] at 2.

## C.     Relief requested

In relief, plaintiff seeks that the court: (1) award compensatory damages in "the amount of rent payed [sic] prior to breach of contract and after in the max of the contract payee agreement of $10,000"; (2) award the maximum punitive damages "to be incurred of the United States Eastern District Court Division [judgment]"; (3) "[a]ward [plaintiff] for loss of income and finances in the amount of labor of $1200; monetary relief"; (4) award plaintiff "the opportunity to find another home and or stay at the location of . . . at his own discretion nondiscriminatory for Americans with disabilities in Edgecombe county public housing authorities under FHA"; (5) award plaintiff "any or all other relief sought and rightfully justified to be in remedy to the plaintiff"; and (6) impose sanctions on defendants.  [DE-7-4] at 2.

## II.  APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B).  In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal.  28 U.S.C. § 1915(e)(2)(B); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992)

---

[3] It is unclear whether plaintiff advertently included "2000d-7" under his state law claims as opposed to under his federal law claims.  *See*  [DE-7-2].  To the extent plaintiff was intending to refer to 42 U.S. Code § 2000d-7, this provision states that a state does not have Eleventh Amendment immunity against claims under the "Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.] eq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance."  *See* 42 U.S. Code § 2000d-7.  As plaintiff does not have viable claims under any of these provisions for the reasons provided herein, he also does not have a claim under 42 U.S. Code § 2000d-7.

5

(providing standard for frivolity review). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, the court holds a *pro se* plaintiff's pleadings to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)) (alterations in original) (internal quotation marks omitted).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See*

6

*Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *mem. & recomm. adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless jurisdiction is affirmatively demonstrated. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

Having granted plaintiff's application to proceed *in forma pauperis* [DE-2], the court must now undertake the frivolity review of this case, pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court shall dismiss a case if the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**A.      42 U.S.C. § 1983**

Plaintiff asserts certain claims under 42 U.S.C. § 1983, the statute which provides a cause

7

of action for alleged constitutional violations.  Section 1983 imposes liability on anyone "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." *Id*.  "[Section] 1983 is not 'a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'"  *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)).

To establish a claim under § 1983, a plaintiff must prove "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law."  *Hill v. Revells*, No. 4:20-CV-233-FL, 2021 WL 312621, at *2 (E.D.N.C. Jan. 6, 2021) (quoting *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. Apr. 12, 2012)) (internal citations omitted) (internal quotation marks omitted), *report and recommendation adopted*, 2021 WL 308592 (E.D.N.C. Jan. 29, 2021), *aff'd*, No. 21-2110, 2021 WL 5985559 (4th Cir. Dec. 17, 2021).

"[C]ourts have generally declined to find state action in an eviction where the only connection between the state and the landlord is the landlord's use of state legal process."  *Sallie v. Tax Sale Invs., Inc.*, 998 F. Supp. 612, 624 (D. Md. 1998) (first citing *Chicarelli v. Plymouth Garden Apartments*, 551 F.Supp. 532 (E.D. PA. 1982); (then citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)).  Yet it appears that plaintiff may be benefitting from federal assistance funded by the U.S. Department of Housing and Urban Development ("HUD") under the Section 8 housing assistance program ("Section 8").  *See* [DE-7-4] at 2 ("Section 8 HUD help with home assistance").  The analysis becomes more nuanced in the eviction of a Section 8 tenant.  *See Mays v. Raynor & Assocs.*, No. 5:15-CV-177-FL, 2015 U.S. Dist. LEXIS

8

151138, at *11 (E.D.N.C. Oct. 9, 2015) ("The Fourth Circuit has held that certain actions against a Section 8 tenant by a private landlord constitute state action for the purpose of § 1983 since Section 8 is a quasi-public program wherein private landlords submit to 'significant regulation' and 'substantial continuing agency involvement in the tenancy.'") (citing *Swann v. Gastonia Hous. Auth.*, 675 F.2d 1342, 1346 (4th Cir. 1982)). Eviction from a Section 8 housing program constitutes state action, and "the due process clause of the Fourteenth Amendment dictates the procedure to be followed before a tenant in [a Section 8 housing program] may be evicted." *Swann*, 675 F.2d at 1346. The undersigned will therefore first consider plaintiff's Fourteenth Amendment due process claim.

### 1. Fourteenth Amendment

The due process clause provides that "[n]o state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV. "The Fourteenth Amendment's due process clause contains both a procedural and substantive component." *Ruttenberg v. Jones*, 283 F. App'x 121, 128 (4th Cir. 2008). The Fourth Circuit has held that

> in order to claim entitlement to the protections of the due process clause -- either substantive or procedural -- a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property' interest, *see Board of Regents v. Roth*, 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972), and that he has been "deprived" of that protected interest by some form of "state action," *see Daniels v. Williams*, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986).

*Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988).

Section 8 housing benefits constitute a property interest under the due process clause. *See Goldberg v. Kelly*, 397 U.S. 254, 261-62, 90 S. Ct. 1011, 1016-17, 25 L. Ed. 2d 287 (1970) (finding a statutory entitlement to welfare benefits); *Swann*, 675 F.2d at 1346 (citing *Goldberg*, 397 U.S. at 261-62, 90 S. Ct. at 1016-17). While eviction from Section 8 housing can represent a due process violation, *see Swann*, 675 F.2d at 1346, plaintiff does not allege that he was ever evicted.

9

In fact, the Edgecombe County state court expressly dismissed the motion requesting eviction of plaintiff.  *See* [DE-7-23].  While plaintiff's landlords appear to have threatened him with eviction due to alleged failure to pay rent, there is also no evidence that he was evicted in response to these notices.  [DE-7-35].  Plaintiff's case is similar to the scenario considered in *Deal v. Newport Datsun, Ltd.*, in which the plaintiffs were served with process in the eviction or "ejectment" action and called upon to respond in that proceeding, but had not yet been "ejected."  706 F.2d 141, 142 (4th Cir. 1983).  The Fourth Circuit found that "[t]he plaintiffs were served with process in the ejectment action and called upon to respond in that proceeding, but they have been deprived of nothing."  *Id.*  In that case, as in the case here, the party at risk of ejectment has a "right to advance [his or her] claim of unlawful retaliation in defense of the ejectment action."  *Id.*  As plaintiff does not allege that he has been evicted, he has not demonstrated that he has been deprived of a property or his residence without due process of law.  Moreover, even if notice of eviction implicated due process considerations, plaintiff had two hearings related to his eviction.  *See* [DE-7-9]; [DE-7-23].  Plaintiff does not allege how these hearings failed to satisfy any due process requirements related to a possible eviction.

While certain exhibits indicate that plaintiff may have lost his Section 8 housing benefits, these exhibits indicate that this determination was made by a third-party, Nash Edgecombe Wilson Community Action, Inc., rather than defendants.  [DE-7-8].  Accordingly, plaintiff has failed to state a claim for a violation of the Fourteenth Amendment against the defendants in this case, and the undersigned RECOMMENDS that plaintiff's Fourteenth Amendment claim be DISMISSED for failure to state a claim upon which relief can be granted.

2.      **Disability discrimination claim**

Plaintiff appears to cite 29 U.S.C. § 794 in support of her disability discrimination claim.

10

*See* [DE-7-2] at 2.  29 U.S.C. § 794 under the Rehabilitation Act requires a Section 8 housing voucher program to provide a reasonable accommodation to a person with a disability.  29 U.S.C. § 794; 42 U.S.C. § 12182.  Yet under these provisions, the duties fall on the public housing authorities, not the private landlords who are simply the beneficiaries of these payments.  24 C.F.R. § 8.3 ("An entity or person receiving housing assistance payments from a recipient on behalf of eligible families under a housing assistance payments program or a voucher program is not a recipient or subrecipient merely by virtue of receipt of such payments.").  Plaintiff has alleged these claims against a private entity, not a public housing authority.

The Fair Housing Act places various obligations on all landlords including that they "make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).  Plaintiff does not allege how defendants requiring him to "fix and modify the rental property" ([DE-7] at 4) discriminated against him because of his disability or violated the defendants' responsibility to make reasonable accommodations in their policies to provide plaintiff with an equal opportunity to use and enjoy a dwelling.  *Cf. Weatherly v. Hilton*, No. 2:18-CV-167, 2019 U.S. Dist. LEXIS 58272, at *7 (E.D. Tenn. Feb. 27, 2019) ([T]his [Fair Housing Act] claim is not that they were discriminated against because of their disability, but that the Defendants were asking everyone, regardless of their disability, to be responsible for repairs to the property.").

Accordingly, the undersigned finds that plaintiff has failed to state a claim for discrimination based on a disability under 29 U.S.C. § 794 or otherwise, and the undersigned RECOMMENDS that plaintiff's disability discrimination claim be DISMISSED for failure to state a claim upon which relief can be granted.

11

### 3. Other federal law claims

The undersigned is unable to discern any viable claims related to plaintiff's numerous other references to federal constitutional or statutory provisions. *Carter v. City of Raleigh*, No. 5:18-CV-160-D, 2018 WL 3353740, at *7 (E.D.N.C. June 18, 2018) ("[P]laintiff alleges no facts that can be construed to implicate a federal question, irrespective of the litany of federal statutes contained in the complaint."), *report and recommendation adopted*, No. 5:18-CV-160-D, 2018 WL 3352642 (E.D.N.C. July 9, 2018).

As noted above, in addition to the Fourteenth Amendment and 29 U.S.C. § 794, which the undersigned has addressed above, plaintiff purports to bring claims under the Fifth, Eighth, and Eleventh Amendments; 42 U.S.C. §§ 1981 and 1982; 42 U.S.C. §§ 2000a-1 and 2000a-2; Title VI Civil Rights Act of 1964; 18 U.S.C. § 242; and HIPAA. [DE-7] at 3; [DE-7-2] at 2; [DE-7-26] at 1.

#### a. Fifth Amendment claim

Because § 1983 is a vehicle for bringing claims against state actors, as opposed to federal actors, the due process clause of the Fifth Amendment is not actionable under § 1983. *See Rogers v. Harnett Cnty.*, No. 5:22-CV-00208-BO-RN, 2022 WL 18779920, at *7 (E.D.N.C. Dec. 20, 2022), *report and recommendation adopted*, No. 5:22-CV-00208-BO-RN, 2023 WL 2111339 (E.D.N.C. Feb. 17, 2023) (recommending dismissal of plaintiff's § 1983 claim based on the "Fifth Amendment right to due process."); *Garrett v. Sheeley*, No. 3:19-CV-185, 2023 WL 4844051, at *2 (N.D.W. Va. Feb. 6, 2023) ("A due process cause of action under the Fifth Amendment against state actors is not actionable under section 1983 . . . . Because the plaintiff has pled his due process claim under the Fifth Amendment, it is not actionable under section 1983 and must be dismissed.").

Accordingly, the undersigned RECOMMENDS that plaintiff's Fifth Amendment claim be

DISMISSED for failure to state a claim upon which relief can be granted.

       b.     *Eighth Amendment claim*

The Eighth Amendment "protects inmates from inhumane treatment and conditions *while imprisoned*." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)) (emphasis added). Plaintiff does not allege that he was imprisoned. Accordingly, the undersigned RECOMMENDS that plaintiff's Eighth Amendment claim be DISMISSED for failure to state a claim upon which relief can be granted.

       c.     *Eleventh Amendment claim*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment recognizes an immunity that a state or state officials being sued in their official capacities can assert. *Aikens v. Ingram*, 71 F. Supp. 3d 562, 570 (E.D.N.C. 2014) ("The Eleventh Amendment bars suit 'in law or in equity' against the State or a state official sued in his official capacity."), *aff'd on other grounds*, 811 F.3d 643 (4th Cir. 2016), *as amended* (Feb. 1, 2016). Plaintiff has not alleged how he benefits from Eleventh Amendment immunity, and does not otherwise explain how he has a claim for relief under the Eleventh Amendment. Accordingly, the undersigned RECOMMENDS that plaintiff's Eleventh Amendment claim be DISMISSED for failure to state a claim upon which relief can be granted.

       d.     *Claims for racial or other discrimination*

Plaintiff appears to assert numerous claims for racial discrimination, including under 42 U.S.C. §§ 1981 and 1982; 42 U.S.C. §§ 2000a-1 and 2000a-2; and Title VI of the Civil Rights Act of 1964.

To plead a claim under 42 U.S.C. § 1981, "a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (internal quotations omitted) (quoting *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006)). "42 U.S.C. § 1982 prohibits private racial discrimination in the sale or rental of real or personal property." *Runyon v. McCrary*, 427 U.S. 160, 170, 96 S. Ct. 2586, 2594, 49 L. Ed. 2d 415 (1976). 42 U.S.C. § 2000a-1 prohibits discrimination based on race, color, religion, or national origin, "by any law, statute, ordinance, regulation, rule or order of a State or State agency." 42 U.S.C. § 2000a-1. 42 U.S.C. § 2000a-2 prohibits (i) the actual or attempted denial of the rights secured by §§ 2000a or 2000a–1, (ii) the actual or attempted interference by "intimidate[ion], threat[s], or coerc[ion]" with the rights secured by §§ 2000a or 2000a–1, and (iii) the actual or attempted punishment of anyone for exercising or attempting to exercise the rights secured by §§ 2000a or 2000a–1. 42 U.S.C. § 2000a-2. The Civil Rights Act of 1964 seeks to "prevent . . . discrimination in . . . places of accommodation and public facilities [and] federally secured programs . . ." *Heart of Atlanta Motel v. United States*, 379 U.S. 241, 246, 85 S. Ct. 348, 352 (1964). Title VI of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000d, provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. 29 U.S.C. § 794 provides that a qualified individual may not be subjected to discrimination in a federally financed assistance program or other activity solely due to a disability. 29 U.S.C. § 794(a).

All of these statutes include an element of racial or comparable discrimination. Plaintiff does not allege any facts to support that defendants discriminated against him based on his race or

14

other protected category listed in these statutes. *See, e.g.*, [DE-7-36] (adding no factual support for claim that "the defendants did willfully intend to deny a renewal of rental lease and agreement for racial discriminatory reasons and for the plaintiffs disability reasons."). Accordingly, the undersigned RECOMMENDS that plaintiff's discrimination claims under all of these statutes be DISMISSED failure to state a claim upon which relief can be granted.

e.      18 U.S.C. § 242 claim

18 U.S.C. § 242 is a criminal statute, and does not create private rights of action. *See El Bey v. Celebration Station*, No. 3:02CV461, 2006 WL 2811497, at *3 (W.D.N.C. 28 Sept. 2006) ("[18 U.S.C. § 242] however, do[es] not give rise to a civil action for damages, and neither the plaintiff nor this Court has the authority to issue a criminal complaint."), *aff'd*, 242 F. App'x 917 (4th Cir. 2007). Accordingly, the undersigned RECOMMENDS that plaintiff's § 242 claim be DISMISSED failure to state a claim upon which relief can be granted.

f.      HIPAA claim

HIPAA states, in relevant part, that "[a] person who knowingly . . . discloses individually identifiable health information to another person" without authorization shall be fined, imprisoned, or both." 42 U.S.C. § 1320d-6(a)(3), (b); *see Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir.), *cert. denied*, 211 L. Ed. 2d 403 (2021). The court need not determine whether plaintiff has sufficiently alleged facts to support his claim that defendant disclosed plaintiff's "identifiable health information" in violation of HIPAA, because HIPAA does not provide a private cause of action. *See id.* ("Every circuit court to consider whether HIPAA created a private right to sue has found that it does not."). Accordingly, the undersigned RECOMMENDS that plaintiff's HIPAA claim be DISMISSED failure to state a claim upon which relief can be granted.

15

**D.     State law claims**

Plaintiff asserts a breach of contract and various other state law claims.  [DE-7] at 4, [DE-7-2] at 2.  Plaintiff does not allege diversity jurisdiction, nor does he allege that he and the defendants have diversity of citizenship.  *See* [DE-7] at 2-3; [DE-1-7] at 1 (claiming exclusively federal question).

As the undersigned does not find plaintiff to have any viable claims under federal law as discussed herein, the undersigned RECOMMENDS that the court decline to exercise its supplemental jurisdiction over any state law claims and DISMISS plaintiff's state law claims WITHOUT PREJUDICE.  *See Taylor v. Bettis*, 976 F.Supp.2d 721, 751 (E.D.N.C. 2013), *aff'd* 693 F. Appx. 190 (4th Cir. 2017) (declining to exercise supplemental jurisdiction over state law claims and dismissing the complaint in its entirety after dismissing all federal claims giving the court original jurisdiction).

## IV.  CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS that plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE and that the federal law claims in plaintiff's amended complaint ([DE-1], [DE-7]), be DISMISSED WITH PREJUDICE.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel.  Plaintiff shall have until **March 16, 2026**, to file written objections to this Memorandum and Recommendation.  The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions.  *See, e.g.*, 28 U.S.C. § 636(b)(1);

16

Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 2nd day of March, 2026.

_____
Brian S. Meyers
United States Magistrate Judge

17